UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN NEMEC, | Case No. 5:14-cv-01343-PSG |
| Plaintiff, | **ORDER DENYING MOTIONS TO COMPEL ARBITRATION AND DENYING MOTION TO DISMISS AS MOOT** |
| v. | |
| FORREST DAVID LINEBARGER *et al*, | |
| Defendants. | **(Re: Docket Nos. 26, 27, 30)** |
| AND RELATED CROSS-ACTION | |

The court has three motions before it: two motions to compel arbitration of the disputes underlying this lawsuit and one motion to dismiss the operative complaint and cross-complaint for failure to state a claim. Plaintiff Steven Nemec and Cross-Complainants Justin Schuh and Catherine Nguyen oppose the motions to compel arbitration, arguing that the arbitration clause is used to effect the fraudulent scheme underlying the suit.[1] The Supreme Court has long held that

---

[1] *See* Docket Nos. 46 at 4; 50 at 1-2.

1
Case No. 5:14-cv-01343-PSG
ORDER DENYING MOTIONS TO COMPEL ARBITRATION AND DENYING MOTION TO DISMISS AS MOOT

when an arbitration clause is alleged to be part of a fraudulent scheme or obtained by fraudulent means, a federal court must determine the validity of the clause before ordering its enforcement.[2] Here, however, despite Nemec, Schuh and Nguyen's arguments in their oppositions to the motions to compel, none of them can point to a single piece of evidence in the record or a single allegation in the complaints indicating that the arbitration clause was a part of the fraudulent scheme. In fact, neither complaint makes any mention of the arbitration clause whatsoever.

Doubts and failures of pleading generally should be resolved in favor of arbitration.[3] Nonetheless, when the arbitration agreement is alleged to have been fraudulently obtained or to be a part of a fraudulent scheme, the Ninth Circuit has held that trial courts commit reversible error if they enforce an arbitration agreement because of deficiencies in the pleadings, even when those deficiencies come to light a year after the beginning of litigation.[4] Instead, under the liberal standard of Rule 15(a) of the Federal Rules of Civil procedure, the court should grant leave to amend the complaint and remedy the deficiencies.[5] Though neither Cross-Complainants nor Plaintiff formally move for leave to amend their complaint to cure this particular deficiency, in briefing and at oral argument, both clearly request leave to cure issues raised in the motion to dismiss.

In accordance with the binding precedent of the Circuit and in light of allegations that the arbitration clause operates as part of a fraudulent scheme, the motions to compel arbitration are

---

[2] *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967); *Moseley v. Elec. & Missile Facilities, Inc.*, 374 U.S. 167, 171 (1963); *see also Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1269 (9th Cir. 2006) (recognizing that "challenges specifically to the arbitration agreement were for the court to decide") (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)).

[3] *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 (1983)

[4] *See Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1190 (9th Cir. 1986) (concluding that "the district court abused its discretion in denying Letizia the opportunity to amend his complaint and to prove his allegations concerning the enforceability of the arbitration agreement.").

[5] *See id.*

2
Case No. 5:14-cv-01343-PSG
ORDER DENYING MOTIONS TO COMPEL ARBITRATION AND DENYING MOTION TO DISMISS AS MOOT

DENIED.  Nemec, Schuh and Nguyen are granted leave to amend their complaints under Rule 15(a).  Any amended pleadings shall be filed within thirty days.  Defendants' motion to dismiss is DENIED AS MOOT in light of the forthcoming amended pleadings, without prejudice to renewing the motion after receiving the amended complaints.

**IT IS SO ORDERED.**

Dated: June 23, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge