UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN NEMEC, | Case No. 5:14-cv-01343-PSG |
| Plaintiff, | **ORDER DENYING NEMEC'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL** |
| v. | |
| FORREST DAVID LINEBARGER, ET AL., | **(Re: Docket No. 69)** |
| Defendants. | |

Before the court is Plaintiff Steven Nemec's motion to disqualify Defendants' counsel, Gregory Klingsporn.[1]  Defendants oppose.[2]  Because the parties' papers squarely present the issues, the court finds the motion suitable for disposition on the papers.[3]  After considering the arguments, the court DENIES Nemec's motion to disqualify.

---

[1] *See* Docket No. 69.

[2] *See* Docket No. 71.

[3] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1

Case No. 5:14-cv-01343-PSG
ORDER DENYING NEMEC'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

# I. BACKGROUND

Nemec purchases debts and judgments from private individuals, business entities and government agencies and collects upon them.[4] Defendants are contractors against whom Nemec seeks to enforce various debts purchased from Defendants' subcontractors.[5] In addition to his breach of contract claims, Nemec alleges a fraudulent scheme in which Klingsporn has repeatedly conspired with Defendants to insert illegal arbitration clauses into construction contracts so as to deprive property owners of their right to trial in the event of a breach.[6]

On March 24, 2014, Nemec filed suit against the Defendants, alleging breach of contract, account stated, conversion, violations of the Racketeer Influenced Corrupt Organization Act,[7] unfair business practices and fraud.[8] Following the Case Management Conference on May 16, 2014, Nemec filed this motion.[9] Nemec pledges to call Klingsporn as a precipient witness and to name him as a co-conspirator in his first amended complaint.[10]

# II. LEGAL STANDARDS

Rule 5-210 of the California State Bar Rules of Professional Conduct states that, generally, a member shall not advocate before a jury which will hear his or her testimony.[11] The rule contains exceptions if (1) the testimony relates to an uncontested matter, (2) the testimony relates to the

---

[4] *See* Docket No. 1 at 2.

[5] *See* Docket No. 1 at 7.

[6] *See* Docket No. 1 at 4, 10; Docket No. 69 at 3.

[7] 18 U.S.C. § 1961 *et seq*.

[8] *See* Docket No. 2.

[9] *See* Docket No. 69 at 1.

[10] *See id.* at 2.

[11] Rule 5-210, Cal. State Bar Rules of Prof. Conduct.

2
Case No. 5:14-cv-01343-PSG
ORDER DENYING NEMEC'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

nature and value of legal services rendered to the client or (3) the member has the informed, written consent of the client.[12]  This rule "is a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the advocates."[13]

Outright disqualification is generally disfavored because it drastically affects a number of important interests:  a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client who must replace disqualified counsel and the possibility that the disqualification motion is merely pursued for tactical reasons.[14]  The ethical rules are not intended to allow a lawyer to disqualify opposing counsel merely by calling him or her as a witness.[15]  Consequently, disqualification motions are subject to strict judicial scrutiny.[16]  The principal considerations when determining if opposing counsel may be called to testify are (1) whether an attorney "ought to be called" to testify on behalf of his client and (2) whether the attorney may be called on behalf of a third party when his testimony would be prejudicial to his client.[17]  Generally, only an attorney's former or current clients have a sufficient stake in litigation to have standing to move for disqualification unless "the ethical breach so infects the litigation in

---

[12] *See id.*

[13] *U.S. v. Prantil*, 764 F.2d 548, 553 (9th Cir. 1985).

[14] *See Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004) (holding that disqualification is a "drastic" measure that should be used only when "absolutely necessary"); *see also Yumul v. Smart Balance, Inc.*, Case No. 2:10-cv-00927-MMM-AJWx, 2010 WL 4352723, at *3 (N.D. Cal. Oct. 8, 2010).

[15] *See Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985); *See also Colyer v. Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999) (holding that a generalized attorney interest in the integrity of the legal system is insufficient to support standing for an attorney to move to disqualify opposing counsel).

[16] *See Optyl Eyewear*, 760 F.2d at 1050.

[17] *See id.* at 1048.

which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims."[18]

### III. DISCUSSION

Nemec contends that Klingsporn should be disqualified because he believes Klingsporn was involved in underlying events. He plans to elicit Klingsporn's testimony on the contracts at issue and intends to add Klingsporn as a defendant in his First Amended Complaint as a part of the alleged fraud scheme.[19] However, Nemec fails to tie his reasons for disqualification to legally relevant standards.

Nemec is not a former or current client of Klingsporn.[20] Thus, in order to move for Klingsporn's disqualification Nemec must demonstrate an ethical breach so severe that it impacts his interest in a just and lawful determination of his claims.[21] Nemec has made no such showing. He conclusorily alleges that Klingsporn is involved in a conspiracy with Defendants that would prejudice his representation of the Defendants.[22] If that is so, then Defendants may bring a motion at the appropriate time. However, it does not give Nemec standing to move for disqualification now.[23]

---

[18] *See Colyer*, 50 F. Supp. 2d. at 971 (C.D. Cal. 1999). Although the Ninth Circuit has not addressed this issue, courts in this district have adopted the view outlined in *Colyer*. *See Sec. Exch. Comm. v. Tuang*, 831 F. Supp. 2d 1130, 1142 (N.D. Cal. 2011); *Decaview Distribution Co., Inc. v. Decaview Asia Corp.*, Case No. 3:99-cv-02555-MJJ-ME, 2000 WL 1175583, at *10 (N.D. Cal. Aug. 14, 2000).

[19] *See* Docket No. 69 at 2-3.

[20] *See* Docket No. 69 at 2.

[21] *See Colyer*, 50 F.Supp. 2d. at 971.

[22] *See id.* at 2-3.

[23] The fact that a plaintiff intends to file an amended complaint that alleges a conspiracy between defendants and their counsel does not indicate an ethical breach sufficiently severe to sever their ties or justify the drastic measure of disqualification. *See Optyl Eyewear*, 760 F.2d at 1050; *Concat LP*, 350 F. Supp. 2d at 814.

4
Case No. 5:14-cv-01343-PSG
ORDER DENYING NEMEC'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

Nemec's motion to disqualify is DENIED.

**IT IS SO ORDERED.**

Dated: July 21, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:14-cv-01343-PSG
ORDER DENYING NEMEC'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL